February 11, 2025

***Via CM/ECF and Hand Delivery***

The Honorable Peter H. Kang
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *S.H. Silver Co. Inc. v. Sentinel Insurance Company, Ltd.*, Case No. 3:24-cv-00017-AMO**

Dear Judge Kang:

Pursuant to this Court's January 31, 2025 Order (Dkt. 45), Plaintiff S.H. Silver Co. Inc. ("Plaintiff") and Defendant Sentinel Insurance Company, Ltd. ("Defendant") submit this joint report concerning their dispute regarding the discoverability of evidence related to Defendant's decision to non-renew Plaintiff's policy. In sum, despite further good faith meet and confer efforts, the Parties' dispute remains wholly unresolved and both Plaintiff and Defendant request an order from this Court in response to their Joint Letter Brief (Dkts. 42; 42-1; and 42-2).

On February 7, 2025, lead counsel for Plaintiff and Defendant met in-person at Reed Smith's San Francisco offices to discuss the parties' discovery disagreements.[1] While the parties' conversations were thoughtful, respectful, and conducted in good faith, Plaintiff and Defendant were unable to resolve their discovery disagreements. Moreover, both Plaintiff and Defendant deem this discovery dispute as critical to their respective claims and defenses, and both Plaintiff and Defendant respectfully request guidance/rulings from this Court.

For example, Plaintiff maintains that Defendant's relevancy/admissibility objections concerning policy non-renewal are insufficient to prevent discovery on a "nonprivileged matter that is relevant to [Plaintiff's] claim." Fed. R. Civ. P. 26(b)(1). The gravamen of Plaintiff's claims concern Defendant's *bad faith claims handling*, which encompasses Defendant's non-renewal decisions made in furtherance of Defendant's bad faith efforts to avoid or limit coverage for Plaintiff. Plaintiff has also cited relevant authority concerning the discoverability of such non-renewal material (*J&M Assocs. v. Nat'l Union Fire Ins. Co*., 2008 U.S. Dist. Lexis 16855, at *19 (S.D. Cal. Mar. 4, 2008)), and distinguished all of Defendant's authorities, none of which concern discovery (just *admissibility*). Moreover, even if Defendant is correct that certain non-renewal evidence is inadmissible, this Court should still permit the proposed discovery because it is "reasonably calculated to lead to the discovery of [other] admissible

---

[1] Defendants' lead trial counsel is Andrew Downs. Mr. Downs attended the in-person meet and confer on February 7, 2025 for Defendant. Plaintiff's lead trial counsel is David Weiss. In November 2024, Mr. Weiss was unexpectedly hospitalized due to a serious medical condition and is currently on medical leave (Dkt. 38). On December 9, 2024, Cristina Shea filed a Notice of Appearance (Dkt. 37) and has assumed the role of Plaintiff's lead trial counsel until Mr. Weiss is able to return from medical leave (Dkt. 38). Ms. Shea, along with co-counsel Connor O'Carroll, attended the in-person meet and confer on February 7, 2025 for Plaintiff. **Mr. Downs, Ms. Shea, and Mr. O'Carroll each declare, under penalty of perjury and as Officers of this Court, that they met and conferred in-person at Reed Smith's San Francisco offices on February 7, 2025, consistent with this Court's orders (Dkt. 45).**

evidence" concerning Defendant's bad faith claims handling. *Survivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005). Indeed, the few documents Defendant has produced regarding non-renewal confirm that Defendant took measures to "ensure" Plaintiff's policy "gets set up for non-renewal" *within days* of Plaintiff submitting its claim, and before any investigation into the circumstances of the alleged loss could occur. *See* Dkt. 42-2. Defendant then attempted to justify its non-renewal by summarily concluding that Plaintiff's "loss experience on this policy has exceeded a level that [Defendant] considers to be acceptable." *See* Dkt. 42-1. Such *conduct* demonstrates Defendant's bad faith intention to, among other things, (1) force Plaintiff to accept whatever amounts Defendant offered to resolve the claim and (2) place Defendant's interests above its insured, all of which is contrary to law and appropriate topics for discovery. *See* Dkt. 42.

Defendant maintains that there is no possible relevance to evidence regarding non-renewal citing the multiple published opinions holding that the exercise of a statutorily authorized right not to enter into a new contract is not actionable, and Plaintiff is thus wasting the parties' time and money seeking discovery on this issue disproportionate to the needs of the case. Defendant has also distinguished the unpublished *J&M Assoc.* case. Defendant contends that because a legally permissible non-renewal (and there is no dispute here that Defendant complied with the applicable statutes) is not actionable, that evidence regarding legally permissible conduct cannot possibly lead to the discovery of evidence of *other* legally impermissible conduct. Further the time and effort needed to devote to this proposed discovery is disproportionate to the disputed factual issues in this case, which concern whether Defendant paid the correct amount (over $7 million) and if not, whether its payment decision was unreasonable and without proper cause.

For all of these reasons, Plaintiff and Defendant certify that lead counsel are unable to negotiate a resolution to the Parties' discovery disagreements concerning (1) Plaintiff's RFP Nos. 8-10; (2) Plaintiff's ROG Nos. 3-4; and (3) Plaintiff's 30(b)(6) Deposition Topics Nos. 3, 8, and 9. Accordingly, Plaintiff and Defendant respectfully request an order from this Court in response to this report and the Parties' Joint Discovery Letter (Dkts. 42; 42-1; and 42-2), which sets out fully the Parties' respective positions.

* * *

The Parties appreciate the Court's attention to this matter and remain available to respond to any further inquiries from the Court.

Respectfully,

*/s/ Andrew B. Downs*
Andrew B. Downs
*Attorney for Defendant*

*/s/ Cristina M. Shea*
Cristina Shea
*Attorney for Plaintiff*

*/s/ T. Connor O'Carroll*
T. Connor O'Carroll
*Attorney for Plaintiff*

cc: All counsel of record *(Via CM/ECF)*